## L. T. McGRATH v. J. E. DONNELLY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO 1 OF ALLEGHENY COUNTY.

Argued October 29, 1889—Affirmed at Bar.

1. Where goods, such as groceries, necessary for the uses of a family, are purchased by a wife and charged to her husband, the latter, unless notice was given to the merchant not to sell to his wife on his credit, is responsible for them.
2. Even where such notice was given and remains unrevoked, it will be effective to relieve the husband from liability only when he himself has furnished all the means that were requisite to purchase such supplies.
3. Under evidence as to the amount of the bill charged, the character of the goods purchased, and the circumstances of the family, the question whether the husband had failed to supply such necessaries was properly a question for the jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 36 October Term 1889, Sup. Ct.; court below, No. 500 June Term 1887, C. P. No. 1.

On April 5, 1887, an appeal was entered from the judgment

Charge of Court below.

of an alderman in an action (as amended) by L. T. McGrath against John E. Donnelly to recover an account for goods sold and delivered upon the order of defendant's wife. Issue.

At the trial on October 1, 1888, it was made to appear that defendant's family consisted of himself and wife, and that he had given a notice to the plaintiff not to sell goods to Mrs. Donnelly on his credit. The plaintiff admitted the receipt of the notice, but claimed that it had been revoked. The defendant denied the revocation of the notice, and testified that he and his wife were living together when the goods charged for were furnished, and that he had supplied her with means to pay the household expenses.

The court, SLAGLE, J., charged the jury as follows:

There are two questions in this case for you to determine. That a notice not to sell on credit was given is not denied. Mr. McGrath admits that on August 9, 1884, Mr. Donnelly told him that he should not furnish goods upon credit to his wife. The first question for you to determine then is, whether that notice was revoked. It is not necessary, in order to enable Mr. McGrath to recover, that there should have been an actual revocation in words; it may be implied from the circumstances surrounding the case. I therefore submit it to you, upon all the testimony, to determine whether or not there was a revocation of that prohibition to supply his wife. The plaintiff testifies, that after this notice was given some difficulty occurred between Mr. Donnelly and his wife; that she came to his house, and that he then saw Donnelly, and told him he had better have his trouble with his wife arranged; that Mr. Donnelly replied "send my wife around and we will make it right;" that he did send her around, and next day she came back and said it was all right, and commenced buying goods. Now the mere fact that she said it was all right would not be conclusive. I do not think that it would be competent evidence, to prove the fact by her declaration, and therefore you ought to exclude that testimony in considering the matter. But you have the fact that it was right so far as their living together, because it is admitted that from that time on, Mr. and Mrs. Donnelly lived together, and are now living together. You have the fact, excluding her testimony, that there was a reconciliation.

Charge of Court below.

[The first question for you to determine, as I have already said is, whether or not, under all circumstances, you believe that the revocation of the notice given by Mr. Donnelly was made. If so, these goods being suitable for their circumstances, ordinary groceries for a family, a wife would have the right to buy them upon credit; and if you find that the notice given to Mr. McGrath was revoked, you ought to find for the plaintiff. If you find that the notice was not revoked, but that it stood, and that Mr. McGrath had a right to understand that he was not allowed to supply necessaries to Mrs. Donnelly, on the credit of her husband, then comes the second question. A man, though he has a right to notify any person with whom his family deals that he must not trust them, can only do so and the notice be effective when he himself supplies the necessaries that they should have; and if he fails to supply them, then some person else may, upon his credit. You will then determine, if you conclude the notice was not revoked, whether or not Mr. Donnelly did supply the necessaries.] [2]

From the bill it appears that the goods were furnished about the time that Mr. McGrath testifies he made the reconciliation between them. The first month, it seems, there were about $20 worth of goods furnished. From that on, until the last of 1886, there were a few groceries furnished each month, some months none at all, but only a dollar or two during each month, which would indicate that Mr. Donnelly was doing what he says he was doing, furnishing money to buy groceries. That is all. But did he furnish all that was necessary? If he did not, then his wife had the right to supply the deficiency. I therefore leave the case for you to determine it on those two questions. In order to defeat the plaintiff's claim, you must find the defendant gave notice, that it was not revoked, and that he supplied his wife. Because if he gave her money to get groceries, then she had no right to go elsewhere to buy them, and charge them to him.

I am requested by counsel for defendant to instruct you:

1. That if the jury believe that defendant did not revoke the notice which plaintiff admitted he received, not to furnish any goods to defendant's wife, plaintiff cannot recover, as there is no sufficient proof that defendant failed and refused to supply his wife with necessaries.

Answer: Refused: The question whether the necessary supplied were furnished, is for the jury.[1]

The jury returned a verdict in favor of the plaintiff for $48.84. A rule for a new trial having been discharged, the defendant took this appeal, assigning for error: 1. The refusal of defendant's point.[1] 2. The part of the charge embraced in [ ] [2]

*Mr. C. A. O'Brien,* for the appellant.

Counsel cited: 2 Kent, Com., 12th ed., 146–7; Schouler's Dom. Rel., §§ 63–66; Endlich & R., Married Women, § 76: Segelbaum v. Ensminger, 117 Pa. 248; Hyatt v. Johnston, 91 Pa. 200.

*Mr. A. W. Duff,* for the appellee, was not heard.

Counsel cited in the brief filed: Schouler's Dom. Rel., §§ 81, 86; Wiler v. Fiegel, 10 W. N. 240; Parke v. Kleeber, 37 Pa. 251; Rigoney v. Neiman, 73 Pa. 330.

PER CURIAM:

On the argument at Bar,

Judgment affirmed.